NO. 12-02-00030-CR

IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT
 
TYLER, TEXAS

GWIN H. LONG,                                                §     APPEAL FROM THE 
APPELLANT

V.                                                                         §     COUNTY COURT AT LAW OF

THE STATE OF TEXAS,
APPELLEE                                                        §     HENDERSON COUNTY, TEXAS





OPINION ON REMAND
            Gwin H. Long was convicted of five counts of gambling offenses. The trial court assessed
punishment at sixty days in jail and a $5,000.00 fine. On original submission, Appellant presented
one issue asserting the officers exceeded the scope of the search warrant by searching a red caboose
located near the train car that contained illegal gambling equipment. This court affirmed the
conviction. Long v. State, 108 S.W.3d 424 (Tex. App. - Tyler 2003). The court of criminal appeals
found that the search exceeded the scope of the warrant, reversed our decision, and remanded the
case for further proceedings. Long v. State, 132 S.W.3d 443 (Tex. Crim. App. 2004). In light of
the court of criminal appeals’ decision, we reverse and remand the trial court’s judgment.
            In one issue, Appellant contends the officers exceeded the scope of the warrant by searching
her residence, a red caboose, which was not specifically described in the warrant. The court of
criminal appeals has held in Appellant’s favor on this issue. Id. at 452. Because the search exceeded
the scope of the warrant, the trial court abused its discretion in admitting the business records, gift
certificates, and cash seized from the red caboose. See id. at 454.
            Having found error, we must determine if that error was harmful. A violation of the
evidentiary rules that results in the erroneous admission of evidence is non-constitutional error. See
King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). A non-constitutional error is harmless
if the reviewing court determines that no substantial rights of the defendant were affected because
the error did not influence or had only a slight influence on the verdict. Tex. R. App. P. 44.2(b);
Motilla v. State, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002). However, a substantial right is
affected when the error has a substantial and injurious effect or influence in determining the jury’s
verdict. Id. In assessing the effect of the error, the appellate court should consider everything in the
record, including any testimony or physical evidence, the nature of the evidence supporting the
verdict, the character of the alleged error, and how it might be considered in connection with other
evidence. Id. The appellate court may also consider the jury instructions, defense and prosecution
theories, closing arguments, and voir dire. Id. 
            In a single trial, Appellant was tried for five separate but interrelated violations of Chapter
47 of the Penal Code, including gambling promotion, keeping a gambling place, and possession of
a gambling device and gambling paraphernalia. See Tex. Penal Code Ann. §§ 47.03(a)(1), (3),
47.04(a), 47.06(a), (c) (Vernon 2003). The jury heard all of the evidence on all counts. The law on
all five counts was presented to the jury in a single charge. The jury deliberated on all five counts
at once and returned its verdicts on all five counts at one time. Consideration of the inadmissible 
evidence was necessary for conviction on some of the counts and helpful to convict on the remaining
counts. Therefore, the error in admitting the evidence seized from the red caboose had a substantial
and injurious effect or influence in determining the jury’s verdict. See Motilla, 78 S.W.3d at 355. 
Because the error was harmful, we sustain Appellant’s sole issue.
            We reverse the trial court’s judgment and remand this cause to the trial court for further
proceedings.
                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice

Opinion delivered September 22, 2004.
Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.







(PUBLISH)